UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MOHAMMED IBRAHIM,<br>A# 221 153 268, | § § § § | |
| Petitioner, | § § | |
| v. | § § | SA-26-CV-01178-JKP |
| WARDEN, Karnes County Immigration Processing Center, ET AL., | § § § § | |
| Respondents. | § § | |

## ORDER

Before the Court is *pro se* Petitioner Mohammed Ibrahim's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (ECF No. 1). Ibrahim challenges his continued detention. (*Id.*). The Court has received a response from Respondents in which they provide solid arguments against granting habeas relief and state that travel documents for Ibrahim have been secured and absent the stay in the Court's service order, the Government would be able to schedule Petitioner for removal "via charter set to occur within the next month[,]" i.e., March 2026. (ECF No. 5).

Because the seven–day deadline for Ibrahim to file a reply has not passed—the reply is due March 16, 2026, the Court makes no ultimate ruling on merits of the habeas petition at this time. But given the Respondents' arguments and the apparent scheduled removal, the Court finds sufficient reason to lift its unilateral order to stay all removal.

**IT IS THEREFORE ORDERED** that the Court's prior stay is **LIFTED** but only to the extent the stay precludes removal to Bangladesh. The imposed stay no longer precludes Ibrahim's physical removal to Bangladesh.

**Ibrahim's deadline to reply remains March 16, 2026. If the Government removes Ibrahim, Respondents shall immediately file a status report to notify the Court. In any event,**

**Respondents shall file a status report no later than March 31, 2026, advising the Court of Ibrahim's status.**

It is so **ORDERED**.

SIGNED this 11th day of March, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE